NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DR. DARREN JAMES,

        Plaintiff,

v.

THE SUPERIOR COURT OF NEW JERSEY, *et al.*,

        Defendants.

Civ. No. 21-16769

OPINION

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter comes before the Court upon the Application to Proceed *In Forma Pauperis* filed by Plaintiff Dr. Darren James ("Plaintiff"). (ECF Nos. 1-1, 4.) For the reasons stated herein, Plaintiff's Application to Proceed *In Forma Pauperis* is granted, and the Complaint (ECF No. 1) is dismissed in part.

## BACKGROUND

Plaintiff is disabled and blind. (Compl. at 7, ECF No. 1.)[1] He brings suit against Judge Thornton, Chief Assignment Judge of the Superior Court of Monmouth County; Judge Grant, Chief Administrative Judge of the Superior Court of New Jersey; Karen Carrol, Chief Clerk and ADA Coordinator of the Superior Court of New Jersey, Appellate Division; and Sharon Ramirez, ADA Coordinator of the Superior Court of Monmouth County, in their individual and official capacity (collectively, the "Individual Defendants"). (*Id.* at 8–12.) Plaintiff alleges that, during court proceedings in New Jersey state court, the Defendants denied him the

---

[1] The page number to which the Court refers is the CM/ECF page number.

1

accommodations he requested to address his disability. (*Id.* at 7.) Specifically, he alleges that he requested transcripts of court proceedings so that he could use a reading device to comprehend the material. (*Id.*) Plaintiff states that rather than providing him with transcripts, Defendants provided him with an audio recording of the proceedings. (*Id.*) Plaintiff claims that, unlike a written transcript, which he can read slowly through a specialized "screen reader," the audio recording does not allow him to slow down the material to aid his comprehension. (*Id.*) Plaintiff further states that, after he filed a motion to receive transcripts at no cost, Defendants "retaliated" against him by telling him that "he would not receive any accommodation at all" if he did not pay the transcriptionist a $1,500 fee. (*Id.* at 5.)

Plaintiff brings claims under the Fifth Amendment to the United States Constitution, the Fourteenth Amendment to the United States Constitution, Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*; the Rehabilitation Act ("RA"), 29 U.S.C. § 701 *et seq.*; and the New Jersey Tort Claims Act, N.J. Stat. Ann. 59:1 *et seq.* ("NJTCA"). (Compl. at 4.) He seeks monetary damages and injunctive relief in the form of orders that Defendants (1) follow the ADA and RA; follow "the ADA and [D]epartment of [J]ustice recommendation on [communications] with the blind"; and (3) provide him with transcripts of the recordings. (*Id.* at 12.)

## LEGAL STANDARD

### I.   Application to Proceed *in Forma Pauperis*

To be eligible to proceed *in forma pauperis* under 28 U.S.C. § 1915(a), a plaintiff must file an application to proceed *in forma pauperis*, including an affidavit stating all income and assets, the plaintiff's inability to pay the filing fee, the "nature of the action," and the "belief that the [plaintiff] is entitled to redress." *See* § 1915(a)(1); *Glenn v. Hayman*, 2007 WL 432974, at *7

2

(D.N.J. Jan. 30, 2007).

Under § 1915, a complaint may be subject to *sua sponte* dismissal if the complaint is frivolous, fails to state a claim upon which relief may be granted, or seeks money damages from defendants who are immune from such relief. *See* § 1915(e)(2)(B). A court reviewing an *in forma pauperis* application "has the authority to dismiss a case 'at any time,' . . . regardless of the status of a filing fee; that is, a court has the discretion to consider the merits of a case and evaluate an [*in forma pauperis*] application in either order or even simultaneously." *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019); *see also id.* at 659 (explaining that the Prisoner Litigation Reform Act altered the two-step framework under § 1915 described in *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990)). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

## II.   Failure to State a Claim

To survive dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). "The defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a Rule 12(b)(6) motion, a district court conducts a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Iqbal*, 556 U.S. at 675). "Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S.

matter, the Court notes that the Fifth Amendment's due process clause applies only to the federal government, not to states. *See Citizens for Health v. Leavitt*, 428 F.3d 167, 178 n.11 (3d Cir. 2005) ("In a due process claim brought under the Fifth Amendment, the 'State' in the state action analysis is the federal government"). Therefore, Plaintiff's Fifth Amendment due process claims are dismissed.

### 1. The Superior Court of New Jersey

The Superior Court of New Jersey is an arm of the State of New Jersey and is therefore entitled to Eleventh Amendment sovereign immunity. *See Johnson v. State of New Jersey*, 869 F. Supp. 289, 298 (D.N.J. 1994). Thus, Plaintiff's constitutional claim for monetary damages against the Superior Court of New Jersey is dismissed. However, Plaintiff's claims for prospective injunctive relief against the Superior Court of New Jersey may, at this stage, proceed. *See Penhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 104–105 (1984).

### 2. Individual Defendants

Suits against state employees in their official capacities for damages are barred by the Eleventh Amendment. *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n.2 (3d Cir. 1996). Thus, the Individual Defendants may not be sued for damages under § 1983 in their official capacities. However, Plaintiff's constitutional claims for injunctive relief against the Individual Defendants in their official capacities may proceed. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 69–71 (1989); *Ex Parte Young*, 209 U.S. 123, 159–160 (1908). By contrast, § 1983 permits suits against state employees in their individual capacities. *See Hafer v. Melo*, 502 U.S. 30–31 (1991). The Court has screened Plaintiff's constitutional claims against the Individual Defendants in their individual capacities and concludes that, at this stage, those claims may proceed.

B.  *ADA and Rehabilitation Act Claims*

Plaintiff alleges that Defendants violated the ADA and RA because they failed to accommodate his disability by refusing to provide him transcripts of the court proceedings and retaliated against him after he "exercised [his] disability rights and asked for the transcripts for free." (*See* Compl. at 7–8.)  As a preliminary matter, the Third Circuit has held that the same analysis applies to claims brought under both the ADA and RA. *See New Directions Treatment Servs. v. City of Reading*, 490 F.3d 293, 302 (3d Cir. 2007). Therefore, the Court's analysis applies to both Plaintiff's ADA and RA claims.

1.  Superior Court of New Jersey

In *Tennessee v. Lane*, the Supreme Court held that Title II of the ADA abrogated a state's Eleventh Amendment sovereign immunity in the context of a person's right to access the courts. 541 U.S. 509, 530–33 (2004). Thus, both monetary damages and injunctive relief may be available to a plaintiff in a suit brought under Title II of the ADA against a state when the issue involves access to the courts. *See id.* at 509. The Rehabilitation Act also authorizes private citizens to bring suits for money damages. *See Tennessee v. Lane*, 541 U.S. 509, 517 (2004). The Court has screened Plaintiff's claims against the Superior Court of New Jersey under the ADA and RA and concludes that, at this stage, those claims may proceed.

2.  Individual Defendants

The ADA and the RA do not create private causes of action against individuals. *Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002) (finding that there is no individual liability under the ADA because the statute "addresses its rules to employers, places of public accommodation, and other organizations, not to the employees or managers of these organizations"); *see also Boggi v. Med. Rev. & Accrediting Council*, 415 F. App'x 411, 415 (3d

6

Cir. 2011) (affirming the district court's dismissal of the plaintiff's ADA claims against individual defendants). Thus, Plaintiff's ADA and RA claims against the Individual Defendants in their individual capacities are dismissed.

By contrast, Plaintiff's ADA and RA claims against the Individual Defendants in their official capacities may, at this stage, proceed.

    C.    *Tort Claims*

Plaintiff also states that he brings tort claims and cites N.J. Stat. Ann. 59:1 *et seq.*, the New Jersey Tort Claims Act ("NJTCA"). However, Plaintiff does not state which torts the Defendants allegedly committed. Moreover, the Complaint does not suggest that Plaintiff filed a Notice of Tort Claim, which is required to bring an NJTCA claim. *See* N.J. Stat. Ann. § 59:8-8. Accordingly, to the extent that the Complaint brings tort claims, those claims are dismissed.

## III.    Leave to Amend

In sum, the Court grants Plaintiff's Application to Proceed *In Forma Pauperis*. (ECF Nos. 1-1, 1-4.) Upon screening the Complaint, the Court dismisses: (1) Plaintiff's Fifth Amendment claims; (2) Plaintiff's remaining constitutional claims for monetary damages against the Superior Court of New Jersey; (2) Plaintiff's remaining constitutional claims for monetary damages against the Individual Defendants in their official capacities; (3) Plaintiff's ADA and RA claims against the Individual Defendants their individual capacities; and (4) Plaintiff's tort claims. Plaintiff is granted leave to file an amended complaint within thirty (30) days if he wishes to do so, to cure the deficiencies identified in this Opinion.

## CONCLUSION

For the foregoing reasons, Plaintiff's Application to Proceed *In Forma Pauperis* (ECF Nos. 1-1, 4) is granted, and the Complaint (ECF No. 1) is dismissed in part. An appropriate Order will follow.

Date: 10/15/21

ANNE E. THOMPSON, U.S.D.J.