UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DARREN JAMES,<br><br>        Plaintiff,<br><br>  v.<br><br>THE SUPERIOR COURT OF NEW JERSEY, et al.,<br><br>        Defendants. | Civil Action No. 21-16769 (GC) (RLS)<br><br><br>**MEMORANDUM OPINION AND ORDER** |

SINGH, United States Magistrate Judge.

This matter comes before the Court upon the June 17, 2022 Motion of Plaintiff, *pro se*, Darren James ("Plaintiff"), seeking leave to further amend his second Amended Complaint to modify certain language and attach certain documents as Exhibits (the "Motion"). (Dkt. No. 49). Defendants the Superior Court of New Jersey, the Hon. Glenn Grant, J.A.D., the Hon. Lisa P. Thornton, A.J.S.C., Karen Carroll, Sharen Ramirez, and Dawn Tephord (collectively, "Defendants") oppose the Motion. (Dkt. No. 50). The Court considers the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b). For the reasons set forth below, Plaintiff's Motion for Leave to Amend is GRANTED.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

By way of background, this action arises out of Plaintiff's allegations that his rights were violated under the Fifth, Fourteenth, and Fifteenth Amendments to the United States Constitution when, during court proceedings in the New Jersey Superior Court, Defendants denied him certain disability accommodations. (*See* second Amended Complaint, Dkt. No. 33). On September 10, 2021, Plaintiff initiated this action. (Dkt. No. 1). Plaintiff first amended his complaint on

1

November 5, 2021, (Dkt. No. 9), and then again on April 7, 2022, with a second Amended Complaint, (Dkt. No. 33). On May 13, 2022, Defendants filed a motion to dismiss the second Amended Complaint, (Dkt. No. 39), and on June 17, 2022, Plaintiff filed the instant Motion, (Dkt. No. 49).

Through the Motion, Plaintiff seeks "to make minor adjustments to the language and to include Exhibit[s] A21[,] A22[,] and A23." (Dkt. No. 49 at p. 3; Dkt. No. 49-1). Specifically, it appears Plaintiff moves to include the following documents: (1) Plaintiff's Initial Notice of Claim for Damages Against the State of New Jersey, marked as received by the Division of Risk Management on July 14, 2021, (Dkt. No. 49-21), ("A21"); (2) a printout of what appears to be an undated response from the United States Department of Justice ("DOJ"), Civil Rights Division, regarding Plaintiff's August 6, 2021 contact to the DOJ, (Dkt. No. 49-22), ("A22"); and (3) an email dated June 2, 2021 from Elite Transcripts, Inc. to Plaintiff regarding a request for a transcript, (Dkt. No. 49-20), ("A23"). It does not appear that Plaintiff seeks to amend his substantive claims through the Motion. (*See* Dkt. No. 49).

Defendants oppose Plaintiff's Motion, arguing that the proposed amended pleading would be "Plaintiff's fourth attempt" and would not survive the pending motion to dismiss brought by Defendants. (Dkt. No. 50 at p. 2). In other words, Defendants primarily argue that Plaintiff's proposed amendments would be futile. (Dkt. No. 50 at pp. 2--3).

## II.   LEGAL STANDARD

Pursuant to Rule 15(a)(2), a party may amend its pleading upon the opposing party's written consent or with leave of Court. Fed. R. Civ. P. 15(a)(2). Courts will freely grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Foman v. Davis*, 371 U.S. 178, 182 (1962); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

Nevertheless, the Court may, in its discretion, deny a motion for leave to amend in one of three instances: (1) the movant engaged in undue delay, bad faith, or dilatory motives; (2) the amendment would cause undue prejudice to the non-movant; or (3) amendment would be futile. *See, e.g.*, *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004); *BTG Int'l Ltd. v. Actavis Labs. FL, Inc.*, Civil No. 15-5909 (KM), 2017 WL 529446, at *2 (D.N.J. Feb. 8, 2017). Ultimately, the decision of whether to grant leave to amend lies within the sound discretion of the Court. *Arab African Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993).

Notable here, an amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted). To determine if an amendment is "insufficient on its face," the Court applies the same standard as on a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). "[I]f a claim is vulnerable to a dismissal under Rule 12(b)(6), but the plaintiff moves to amend, leave to amend generally must be granted unless the amendment would not cure the deficiency." *Id.*

On a motion brought pursuant to Rule 12(b)(6), courts must "accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party." *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). Factual allegations, however, must be sufficient "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Palakovic v. Wetzel*, 854 F.3d 209, 220 (3d Cir. 2017) (discussing standard under *Iqbal* and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

## III.  DISCUSSION

Here, Defendants oppose Plaintiff's Motion because, they assert, the proposed amendments would be futile and will not survive the motion to dismiss. Defendants do not appear to assert undue delay, bad faith, dilatory motives, or undue prejudice. Accordingly, the Court focuses here on futility.

As emphasized in their opposition, Defendants' arguments on the instant Motion overlap significantly with the arguments they have raised in support of the pending motion to dismiss. (*See* Dkt. No. 50 and 39). Exercising its discretion, the Court will not consider these arguments in connection with its review of the pending Motion for leave to amend. *See Colombo v. Bd. of Educ. for the Clifton Sch. Distr.*, No. 11-785, 2016 WL 6403081, at *2 (D.N.J. Oct. 27, 2016) (citing *in re Aetna UCR Litig.*, No. 07-3541, 2015 WL 3970168, at *8 (D.N.J. June 30, 2015)). Rather, "[i]n the interests of judicial economy and in the absence of undue prejudice, the Court may decline to engage in a detailed futility analysis where the Court finds that these arguments are better suited for consideration in the context of a motion to dismiss." *Id.* (citations omitted). The Court further notes that, although Plaintiff, *pro se*, has been granted multiple opportunities to replead, the proposed amendments sought in the present Motion do not unduly prejudice Defendants in that they do not raise new issues or claims.

Accordingly, Plaintiff's Motion is hereby GRANTED. Defendants, however, may renew, ore refile, their motion to dismiss following the filing of Plaintiff's Third Amended Complaint.

## IV.  CONCLUSION

Having considered the submissions of the parties, and for the reasons set forth above,

**IT IS**, **THEREFORE**, on this **22d** day of **September 2022,**

**ORDERED** that Plaintiff's Motion for Leave to Amend (Dkt. No. 49) is **GRANTED**; and

4

it is further

**ORDERED** that Plaintiff shall file his Third Amended Complaint within seven (7) days of entry of this Order; and it is further

**ORDERED** that Defendants shall file a response to the Third Amended Complaint within fourteen (14) days of the filing of the Third Amended Complaint; and it is further

**ORDERED** that the Clerk of the Court shall terminate the Motion pending at Docket Entry Number 49.

**SO ORDERED.**

/s/ Rukhsanah L. Singh
**RUKHSANAH L. SINGH**
**UNITED STATES MAGISTRATE JUDGE**