**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DARREN JAMES,<br><br>    Plaintiff,<br><br>   v.<br><br>THE SUPERIOR COURT OF NEW JERSEY, JUDGE GLENN GRANT, JUDGE LISA THORNTON, KAREN CARROLL, SHAREN RAMIREZ, and DAWN TEPHFORD,<br><br>    Defendants. | Civil Action No. 21-16769 (GC) (RLS)<br><br>**MEMORANDUM OPINION** |

**CASTNER, District Judge**

  This matter comes before the Court on Defendants the Superior Court of New Jersey, Judge Glenn Grant, Judge Lisa Thornton, Karen Carroll, Sharen Ramirez, and Dawn Tephford's Motion to Dismiss (ECF No. 54) the Third Amended Complaint ("TAC") (ECF No. 53). Plaintiff Darren James opposed (ECF No. 56), and Defendants replied (ECF No. 60). The Court has carefully considered the parties' submissions and decides the motion without oral argument pursuant to Federal Rule of Civil Procedure ("Rule") 78 and Local Civil Rule 78.1. For the reasons set forth below, and other good cause shown, Defendants' Motion is **GRANTED**.

I.      **BACKGROUND**

   A. **Plaintiff's Allegations**[1]

Plaintiff is disabled and blind. (ECF No. 53 at 12.[2]) Plaintiff alleges that, during court proceedings in New Jersey Superior Court, Defendants denied him the accommodation that he requested to address his disability. (ECF No. 53 at 12-16.) Specifically, he alleges that he requested transcripts of court proceedings so that he could use a reading device to comprehend the material. (ECF No. 53 at 15.) Plaintiff states that rather than providing him with transcripts, Defendants provided him with an audio recording of the proceedings. (ECF No. 53 at 15.) Plaintiff claims that, unlike written transcripts, which he can read slowly through a specialized "screen reader," the audio recording does not allow him to slow down the material to aid his comprehension. (ECF No. 53 at 15.) Plaintiff further states that, after he filed a motion to receive transcripts at no cost, Defendants "retaliated" against him by telling him that if he does not pay for the transcripts, he "[cannot] get any accommodations at all." (ECF No. 53 at 12, 15.)

Plaintiff asserts that his "constitutional claims are against the defendants in their official capacity for injunctive relief and all for monetary damages"; his "ADA claims are against the individuals only in their official capacities"; and his "tort claim is for violating the 'NJ LAD,'" "for trying to [get him] to commit an illegal act of paying for a disability accommodation," and "[N.J. Stat. Ann. § 56:8-2] for false advertising and for concealment." (ECF No. 53 at 5 (cleaned up).)

---

[1] When reviewing a motion to dismiss pursuant to Rule 12(b)(6), a court typically accepts as true all well-pleaded facts in the complaint. *See Doe v. Princeton Univ.*, 30 F.4th 335, 340 (3d Cir. 2022) (quoting *Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008)).

[2] Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

2

**B. Procedural History**

On September 10, 2021, Plaintiff filed the Complaint, along with an application to proceed *in forma pauperis*. (ECF Nos. 1, 1-1, 4.) Plaintiff asserted claims under the Fifth Amendment and Fourteenth Amendment to the United States Constitution; Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 *et seq.*; the Rehabilitation Act (RA), 29 U.S.C. §§ 701 *et seq.*; and the New Jersey Tort Claims Act, N.J. Stat. Ann. §§ 59:1 *et seq.* (NJTCA). (ECF No. 1 at 4.) After reviewing Plaintiff's unopposed application, the Court permitted Plaintiff to proceed *in forma pauperis* but dismissed the following of Plaintiff's claims: claims related to Fifth Amendment due process, which applies only to the federal government; any constitutional claim for monetary damages against the Superior Court; claims for damages under 42 U.S.C. § 1983 against the individual defendants in their official capacities; any ADA and RA claims against the individual defendants in their individual capacities; and Plaintiff's NJTCA claim. (ECF No. 7 at 4-6.) What survived were Plaintiff's constitutional claims for prospective injunctive relief against the Superior Court and individual defendants in their official capacities; section 1983 claims for damages against the individual defendants in their individual capacities; and ADA and RA claims against the Superior Court and individual defendants in their official capacities. (*Id.*)

Plaintiff amended his complaint on November 5, 2021 (ECF No. 9), and again on April 7, 2022 (ECF No. 33). Defendants then filed a motion to dismiss. (ECF No. 39.) While that was pending, Plaintiff requested leave to file another amended complaint (ECF No. 49), which the court granted (ECF No. 52). On November 9, 2022, Plaintiff filed the TAC. (ECF No. 53.) This Motion followed. (ECF No. 54.)

II.  **LEGAL STANDARD**

On a motion to dismiss for failure to state a claim, courts "accept the factual allegations in the complaint as true, draw all reasonable inferences in favor of the plaintiff, and assess whether the complaint and the exhibits attached to it 'contain enough facts to state a claim to relief that is plausible on its face.'" *Wilson v. USI Ins. Serv. LLC*, 57 F.4th 131, 140 (3d Cir. 2023) (quoting *Watters v. Bd. of Sch. Directors of Scranton*, 975 F.3d 406, 412 (3d Cir. 2020)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Clark v. Coupe*, 55 F.4th 167, 178 (3d Cir. 2022) (quoting *Mammana v. Fed. Bureau of Prisons*, 934 F.3d 368, 372 (3d Cir. 2019)). When assessing the factual allegations in a complaint, courts "disregard legal conclusions and recitals of the elements of a cause of action that are supported only by mere conclusory statements." *Wilson*, 57 F.4th at 140 (citing *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021)). The defendant bringing a Rule 12(b)(6) motion bears the burden of "showing that a complaint fails to state a claim." *In re Plavix Mktg., Sales Pracs. & Prod. Liab. Litig. (No. II)*, 974 F.3d 228, 231 (3d Cir. 2020) (citing *Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016)).

III.  **DISCUSSION**

Defendants move to dismiss for four reasons. *First*, Plaintiff's TAC offers a mere "formulaic recitation of the elements of" various causes of action and lacks important details. (ECF No. 54-3 at 15-16.) *Second*, Plaintiff fails to state a *prima facie* case for an ADA violation. (ECF No. 54-3 at 16-19.) *Third*, Plaintiff fails to state a *prima facie* case for a NJLAD claim. (ECF No. 54-3 at 19-21.) *Fourth*, and finally, Plaintiff's ADA claim, as alleged, is barred by sovereign immunity under the Eleventh Amendment. (ECF No. 54-3 at 21-28.)

In opposition, Plaintiff contests that Defendants enjoy sovereign immunity. (ECF No. 56 at 4-7.) Plaintiff did not meaningfully respond to any of Defendants' other arguments.

The construct of the TAC makes it difficult for the Court to ascertain if Plaintiff seeks to assert claims other than the ones that the Court previously screened.[3] In its best efforts, the Court distills Plaintiff's claims as follows: constitutional claims under the Fourteenth Amendment for prospective injunctive relief against the Superior Court and individual defendants in their official capacities ("Count I"); claims under the ADA and RA against the Superior Court and individual defendants in their official capacities ("Count II"); and state tort claims ("Count III"). (*See* ECF No. 53 at 5.)

### A. Constitutional Claims (Count I)

Plaintiff sues under the Due Process Clause of the Fourteenth Amendment.[4] The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend XIV. The Fourteenth Amendment's Due Process Clause has a procedural and substantive component. *Nicholas v. Penn. State Univ.*, 227 F.3d 133, 138-39 (3d Cir. 2000). To state a claim for deprivation of procedural due process, a plaintiff must demonstrate that (1) he was deprived of an individual interest included

---

[3] "Dismissal under Rule 8 is [] proper when a complaint left the defendants having to guess what of the many things discussed constituted [a cause of action] . . . or when the complaint is so rambling and unclear as to defy response." *Conard v. Pennsylvania*, Civ. No. 22-1121, 2022 WL 14915566, at *4 (M.D. Pa. Oct. 25, 2022) (internal quotations and citations omitted). "Similarly, dismissal is appropriate in those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Id.* (internal quotations and citations omitted).

[4] The TAC explicitly includes only a procedural due process claim, yet Defendants argue as if Plaintiff also asserted a claim under the Equal Protection Clause. (*See* ECF No. 54-3 at 26.) The Court does not share Defendants' reading of that claim into the TAC. If Plaintiff intended to plead such a claim, it was incumbent on him to say so clearly in his pleadings. *See DeShields v. Int'l Resort Properties Ltd.*, 463 F. App'x 117, 120 (3d Cir. 2012) (noting that "judges are not like pigs, hunting for truffles buried in briefs") (internal quotation omitted).

within the Fourteenth Amendment's protection of "life, liberty, or property," and (2) the procedures available to him did not provide "due process of law." *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006) (quoting *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000)). Similarly, "[t]o prevail on a non-legislative substantive due process claim,"[5] a plaintiff must first establish that he or she "has a protected property interest to which the Fourteenth Amendment's due process protection applies." *Nicholas*, 227 F.3d 133 at 139-40. If the property interest falls within the protection of the Fourteenth Amendment, a plaintiff must then show that deprivation of that interest was arbitrary or irrational. *Id.* at 142; *see also Collura v. Disciplinary Bd. of Supreme Ct. of Pennsylvania*, Civ. No. 11-5637, 2013 WL 4479141, at *7 (E.D. Pa. Aug. 22, 2013), *aff'd sub nom.*, *Collura v. Maguire*, 569 F. App'x 114 (3d Cir. 2014) ("To state a substantive due process claim, the plaintiff must allege that he was deprived of a fundamental right, and that the government conduct at issue was 'so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'") (citations omitted); *Georges v. New Jersey Dep't of Corr.*, Civ. No. 22-5559, 2023 WL 3200101, at *5 (D.N.J. May 2, 2023) (noting that substantive due process claims require plaintiff to "allege conduct that is 'arbitrary[ ] or conscious shocking'" (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 847 (1998))).

Here, Plaintiff alleges that he was deprived of "his 14th amendment right of due process" by Defendants' "preventing him from continuing with his appeal in the Superior Court, by charging him for disability accommodations in the court." (ECF No. 53 at 16 (cleaned up).) According to New Jersey Court Rules on "How to Appeal," all appellants must obtain transcripts for an appeal, and all appellants must pay for them except in limited circumstances. *See generally*

---

[5] To the extent Plaintiff brings a substantive due process claim, the Court construes it as a non-legislative substantive due process claim, as the TAC does not clearly identify a legislative act.

N.J. Ct. R. 2:5-3(d).[6] Plaintiff does not challenge the constitutionality of charging fees for transcripts, nor does he claim to qualify for a waiver of fees under any of the limited circumstances.[7] Rather, Plaintiff contends that to accommodate his blindness, Defendants should have provided Plaintiff transcripts free of charge instead of providing audio recordings. But Plaintiff fails to explain what "fundamental right" or "liberty interest encompassed within the Fourteenth Amendment" entitles Plaintiff or any civil litigant to free transcripts in these circumstances. By his own allegations, although Plaintiff is blind — and, as such, was provided audio recordings — Plaintiff seeks the same written version of transcripts that nondisabled civil litigants request for appeals. Indeed, Plaintiff does not allege that Defendants obstructed him from full participation in the trial court. Nor does Plaintiff allege that he was unable to participate in appellate hearings. And the TAC includes nothing that is "arbitrary" or "conscious shocking," especially where Plaintiff was offered an accommodation associated with his blindness.

---

[6] *See also Requesting a Superior Court or Tax Court Transcript for Your Appeal*, New Jersey Courts, https://www.njcourts.gov/courts/appellate/request-transcript (last visited June 27, 2023) (listing exceptions to fee requirement); *Hafez v. Equifax Info. Servs., LLC*, Civ. No. 20-9019, 2023 WL 2728805, at *1 (D.N.J. Mar. 31, 2023) ("The Court may take judicial notice of information published to government websites on a motion to dismiss without converting it into a motion for summary judgment.") (citations omitted).

[7] In an analogous context, the imposition of appellate filing fees does not violate the Fourteenth Amendment Due Process Clause where there is "'no fundamental interest that is gained or lost depending on the availability' of the relief sought by appellants." *Ortwein v. Schwab*, 410 U.S. 656, 659 (1973) (quoting *United States v. Kras*, 409 U.S. 434, 445 (1973)); *see also Abdul-Akbar v. McKelvie*, 239 F.3d 307, 317 (3d Cir. 2001) ("An unconditional right of access exists for civil cases only when denial of a judicial forum would implicate a fundamental human interest— such as the termination of parental rights or the ability to obtain a divorce.") (quoting *M.L.B. v. S.L.J.*, 519 U.S. 102, 113 (1996)); *Abdul-Akbar*, 239 F.3d at 317 ("Examples of interests that the [Supreme] Court has held do not rise to this level are bankruptcy filings [in *Kras*, 409 U.S. at 444-45] and welfare benefit determinations [in *Ortwein*, 410 U.S. at 659]."). Here, Plaintiff's state action claim for breach of contract (*see* ECF No. 53-5 at 5) does not appear to implicate a fundamental human interest or involve the types of interests enumerated in *M.L.B.*

Plaintiff has thus failed to state a claim under the Due Process Clause of the Fourteenth Amendment.

**B. Claims Under the ADA and RA (Count II)**

Plaintiff alleges that Defendants violated the ADA and RA because they retaliated against him by refusing to provide him with transcripts of the court proceedings as a disability accommodation. (ECF No. 53 at 16.) To state a claim for discrimination under the ADA or RA,[8] Plaintiff "'must demonstrate: (1) he is a qualified individual; (2) with a disability; (3) [who] was excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or was subjected to discrimination by any such entity; (4) by reason of his disability.'" *Haberle v. Troxell*, 885 F.3d 171, 178-179 (3d Cir. 2018) (quoting *Bowers v. NCAA*, 475 F.3d 524, 553 n.32 (3d Cir. 2007)). To satisfy the causation requirements under the ADA or RA, "[p]laintiffs must prove that they were treated differently based on the protected characteristic, namely the existence of their disability." *CG*, 734 F.3d at 236. "This is because the 'main thrust' of the ADA and RA 'is to assure handicapped individuals receive the same benefits as the non-handicapped.'" *Id.* (quoting *Easley by Easley v. Snider*, 36 F.3d 297, 305 (3d Cir. 1994); *see also CG*, 734 F.3d at 236 ("Plaintiffs must show that they have been deprived of a benefit or opportunity provided to non-disabled students or a group of students with some other category of disability, because of their disability.").

---

[8] ADA and RA claims undergo the same analysis. *See New Directions Treatment Servs. v. City of Reading*, 490 F.3d 293, 302 (3d Cir. 2007) ("'As the ADA simply expands the [RA]'s prohibitions against discrimination into the private sector, Congress has directed that the two acts' judicial and agency standards be harmonized' and we will accordingly analyze the two provisions together." (quoting *Newman v. GHS Osteopathic, Inc., Parkview Hosp. Div.*, 60 F.3d 153, 157-58 (3d Cir. 1995))); *CG v. Pennsylvania Dep't of Educ.*, 734 F.3d 229, 235 (3d Cir. 2013) ("With limited exceptions, the same legal principles govern ADA and RA claims.") (internal footnote omitted).

Plaintiff's ADA and RA claims fail on the third and fourth elements of the *prima facie* case. The Court agrees with Defendants that "Plaintiff has not alleged that he was prevented from obtaining transcripts or participation in his lawsuit any more than someone without his disability." (ECF No. 54-3 at 18.) Although Plaintiff asserts that Defendants failed to accommodate his needs as a disabled person, he provides nothing to demonstrate that he was treated differently because of his disability, as all litigants — with limited exceptions that do not apply here — are charged for transcripts. (*See* ECF No. 53 at 15.) In fact, Plaintiff alleges that Defendants offered him audio recordings of the proceedings to accommodate his vision impairment. (ECF No. 53 at 15.) In addition, Plaintiff claims generally that Defendants "transcribe[] the recordings for other people and they always transcribe the recordings for deaf people," for the proposition that "this is not an unusual expense" or an "extreme burden." (ECF No. 53 at 16.) But still, on top of providing nothing to support this conclusory assertion, Plaintiff, who does not claim to be hearing impaired, does not demonstrate that he was discriminated against because of his status as a blind person. Nor does Plaintiff provide any factual support for his conclusory assertion that Defendants "retaliated" against him by requiring him to pay for the transcripts because he requested them free of charge. (ECF No. 53 at 15.)

Because Plaintiff has not stated a *prima facie* case of the ADA or the RA, his claims under those statutes are dismissed without prejudice.

**C. State Tort Claims (Count III)**

The TAC includes allegations that Defendants violated New Jersey state law, namely the New Jersey Tort Claims Act; NJLAD; N.J. Stat. Ann. § 46:19 "for trying to [get him] to commit an illegal act of paying for a disability accommodation"; and N.J. Stat. Ann. § 56:8-2 "for false advertising and for concealment." (ECF No. 53 at 5, 17 (cleaned up).) These allegations, lacking

any meaningful detail, are "mere conclusions" and thus "are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Indeed, Plaintiff alleges no facts in support of these tort claims. Nor does Plaintiff explain how the act of paying for transcripts was illegal or describe what actions amounted to false advertising or concealment. As a result, as to Plaintiff's state tort claims, the TAC does not "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).[9]

## IV.  CONCLUSION

For the foregoing reasons, and other good cause shown, Defendants' Motion to Dismiss (ECF No. 54) is **GRANTED**. Plaintiff's Third Amended Complaint is **DISMISSED** with prejudice.[10] An appropriate Order follows.

Dated: July 20, 2023

**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**

---

[9] It is also unclear whether Plaintiff complied with New Jersey Tort Claim Act's pre-suit notice requirement. *See* N.J. Stat. Ann. § 59:8-3.

[10] *See Gasoline Sales, Inc. v. Aero Oil Co.*, 39 F.3d 70, 74 (3d Cir. 1994) (noting, where plaintiff sought to add facts to a twice-amended complaint, "three attempts at a proper pleading is enough"); *Doe v. Div. of Youth & Fam. Servs.*, 148 F. Supp. 2d 462, 477 (D.N.J. 2001) ("Leave should be granted absent a showing of . . . 'repeated failure to cure deficiencies by amendments previously allowed . . . .'" (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962))); *Treppel v. Biovail Corp.*, Civ. No. 03-3002, 2005 WL 2086339, at *12 (S.D.N.Y. Aug. 30, 2005) (declining leave to amend after plaintiff "already had two bites at the apple and they have proven fruitless[]").

10